UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SynKloud Technologies, LLC<br><br>Plaintiff,<br><br>v.<br><br>Epic Systems Corp.,<br><br>Defendant. | Case No. 3:24-cv-00030-wmc<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Epic Systems Corporation hereby answers the Complaint of Plaintiff SynKloud Technologies, LLC. The paragraphs in this Answer are numbered to correspond with the paragraph numbers in SynKloud's Complaint (Dkt. 1). Any and all allegations in SynKloud's Complaint that are not specifically admitted herein are hereby denied.

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of United States Patent No. 8,856,383 ('383 Patent) under the patent laws of the United States, including 35 U.S.C. §§271 and 281-285.

**ANSWER:** Epic admits that the Complaint purports to be an action for patent infringement of United States Patent No. 8,856,383 ("the '383 Patent") under the patent laws of the United States, including 35 U.S.C. §§271 and 281–285. Epic denies any remaining allegations in Paragraph 1.

## PARTIES

2.      Plaintiff SynKloud Technologies, LLC is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 305 E. Highland Drive, Suite 500, Austin, TX 78752.

**ANSWER:**   Epic is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3.      Defendant Epic Systems Corp. is a Wisconsin corporation with its principal place of business located at 1979 Milky Way, Verona, Wisconsin 53593.

**ANSWER:**   Epic admits it is a corporation organized and existing under the laws of Wisconsin, having a principal place of business at 1979 Milky Way, Verona, Wisconsin 53593.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 101 et. seq. and including 35 U.S.C. §§ 271 and 281-285.

**ANSWER:**   Epic admits that this Court has subject matter jurisdiction for purposes of this action.

5.      This court has personal jurisdiction over Defendant because infringing activity alleged herein took place in the State of Wisconsin. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

**ANSWER:**   Epic admits that the Western District of Wisconsin has personal jurisdiction over Epic for purposes of this action but denies that Epic has performed any act, in this Judicial District or elsewhere, that directly or indirectly infringes any valid or enforceable claim of the '383 Patent. Epic denies all remaining allegations in Paragraph 5.

6.      Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district.

**ANSWER:**   Epic admits that venue in the Western District of Wisconsin is proper for purposes of this action. Epic denies that Epic has performed any act, in this Judicial District or

elsewhere, that directly or indirectly infringes any valid or enforceable claim of the '383 Patent.

Epic denies all remaining allegations in Paragraph 6.

7.     Defendant, directly and or through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

**ANSWER:**   Epic denies the allegations in Paragraph 7.

8.     Defendant has a regular and established place of business in this District at 1979 Milky Way, Verona, WI, 53593.

**ANSWER:**   Epic admits that is has a regular and established place of business in this District at 1979 Milky Way, Verona, WI 53593.

## GENERAL ALLEGATIONS
### Defendant and its Products

9.     Epic Systems Corporation is a privately held healthcare software company. According to Epic, hospitals that use its software held medical records of 78% of patients in the United States and more than 3% of patients worldwide in 2022.

**ANSWER:**   Epic admits that it is a privately held corporation and that it provides software, including software with healthcare applications. Epic denies all remaining allegations in Paragraph 9.

10.    One of Epic's principal products, MyChart, offers patients an online portal that connects patients with their physicians and their health records, including appointments, test results, prescriptions, and more.

**ANSWER:**   Epic admits that it offers a software product named MyChart to its customers and that MyChart is accessible online. Epic admits MyChart can provide functionality for Epic's customers to permit patients to view pertinent medical records, appointments, test results, and more. Epic otherwise denies the allegations in Paragraph 10.

## COUNT I:  INFRINGEMENT OF THE '383 PATENT

11.    Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

**ANSWER:** Epic repeats and re-alleges its responses to Paragraphs 1 through 10 above.

12. On October 7, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,856,383, titled "Systems And Methods For Controlling Information And Use Of Communications Devices Through A Central Server". The '383 Patent is attached here as Exhibit A.

**ANSWER:** Epic admits that Exhibit A purports to be United States Patent No. 8,856,383, titled "Systems And Methods For Controlling Information And Use Of Communications Devices Through A Central Server," with a stated issue date on its face of October 7, 2014. Epic denies that the '383 Patent was duly and legally issued.

13. Plaintiff SynKloud is the owner by assignment dated May 3, 2019 and recorded with the USPTO on May 10, 2019, of all rights, title, and interest in the '383 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

**ANSWER:** Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Epic lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, and therefore denies those allegations.

14. Independent Claim 1 of the '383 Patent describes:

> A method of updating information on one or more of a first party's plurality of communications devices comprising:
>   establishing an individual user account for the first party on a call-processing system, the call-processing system being operably coupled to the first party's plurality of communication devices; wherein updated information is processed by a central server;
>   granting a second party access to the first party's account, wherein the second party comprises a caregiver associated with the first party and wherein access to the first party's account is restricted to only persons granted authority by the first party or the second party;
>   receiving information from the second party at a central server of the call processing system, wherein the information comprises device configuration parameters to be applied to current features of the one or more of the first party's plurality of communication devices;
>   transmitting the information from the central server to one or more of the first party's plurality of communication devices to update the information contained on one or more of the first party's plurality of communication devices; wherein the central server initiates an alert on all or some of the first party's linked communication

>> devices to notify the first party of the updated information made at the central server;
>> wherein the first party's plurality of communication devices are selected from the group consisting of corded telephones, cordless telephones, answering machines, cellular phones, personal digital assistants, desktop computers, laptop computers, wristwatches, pagers, and clock radios; and
>> wherein the device configuration parameters are selected from the group consisting of information regarding contacts, calendar events, reminders, alerts, ring or alert tones, volumes, snooze parameters, speed dial keys, and outgoing answering messages.

*See* '383 Patent , Col. 11, lines 6-41.

**ANSWER:** Epic admits that Exhibit A, at column 11 and lines 6–41 depicts the text in Paragraph 14, purported to be Claim 1 of the '383 Patent. Paragraph 14 otherwise contains legal conclusions to which no response is required. To the extent a response is required, Epic denies the remaining allegations in Paragraph 14.

15. Defendant has been and is now directly infringing under 35 U.S.C. § 271 at least claim 1 of the '383 Patent by making, having had made, using, offering for sale, and selling its MyChart product. At a minimum, Defendant directly infringes the '383 Patent when it tests its products or when it provides cloud-based hosting to healthcare provider entities.

**ANSWER:** Epic denies the allegations in Paragraph 15.

16. Defendant's aforesaid activities have been without authority or license from Plaintiff.

**ANSWER:** Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Epic admits that it does not have a license agreement with Plaintiff, and denies the remaining allegations in Paragraph 16.

17. A claim chart attached as Exhibit B explains how Defendant has directly infringed claim 1 of the '383 Patent.

**ANSWER:** Epic admits only that Exhibit B purports to be a claim chart and denies the remaining allegations in Paragraph 17.

18. Defendant's acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts.

**ANSWER:** Epic denies the allegations in Paragraph 18.

## COUNT II:  INDIRECT INFRINGEMENT OF THE '383 PATENT

19. Alternatively, Defendant has been and now is indirectly infringing as a contributory infringer under 35 U.S.C. § 271 at least claim 1 of the '383 Patent by making, having had made, using, offering for sale, and selling software that infringes the '383 Patent, knowing the same to be especially made or especially adopted for use in infringement of such patent.

**ANSWER:** Epic denies the allegations in Paragraph 19.

20. Defendant infringes under 35 U.S.C. § 271(c) by contributing to infringement of the '383 Patent, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, offering for sale, selling or importing the accused products, and/or advising, encouraging, and contributing so that others can use the methods claimed by the '383 Patent to the injury of Plaintiff.

**ANSWER:** Epic denies the allegations in Paragraph 20.

21. The accused products which are provided by Defendant to its customers are designed specifically for use by its customers in an infringing manner as claimed in the '383 Patent. If the functionality that is embodied in the '383 Patent were not present in the accused products sold by Defendant, then the products would not work as stated in Defendant's product literature.

**ANSWER:** Epic denies the allegations in Paragraph 21.

22. Defendant further has infringed and infringes at least claim 1 of the '383 Patent under 35 U.S.C. § 271(b) by inducing infringement of at least claim 1 of the '383 Patent, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, advising, encouraging, and/or otherwise inducing others to perform the steps claimed by the '383 Patent to the injury of Plaintiff.

**ANSWER:** Epic denies the allegations in Paragraph 22.

23. Defendant's healthcare provider clients use the accused products as instructed by Defendant and, in doing so, complete all steps in at least claim 1 of the '383 Patent, making Defendant's healthcare provider clients direct infringers of the '383 Patent. Defendant specifically intended for its customers to infringe the '383 Patent because Defendant continues to advise, advertise, encourage, and provide to its customers accused products or instructions or manuals or product information on its website, or otherwise induce others, such that when the accused products are used, the customers necessarily use the methods claimed by the '383 Patent and infringe the '383 Patent to the injury of Plaintiff.

**ANSWER:** Epic denies the allegations in Paragraph 23.

23. Since at least the filing of this complaint, Defendant has had knowledge of the '383 Patent, and by continuing the actions described above, have specific intent to induce infringement of the '383 Patent pursuant to 35 U.S.C. § 271(b), and have further contributed to said infringement of the '383 Patent by their customers by providing them with the accused products so that their customers directly infringe the '383 Patent pursuant to 35 U.S.C. § 271(c).

**ANSWER:** Epic denies the allegations in Paragraph 24.

25. Defendant's aforesaid activities have been without authority or license from Plaintiff.

**ANSWER:** Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Epic admits it does not have a license agreement with Plaintiff, and denies the remaining allegations in Paragraph 25.

26. A claim chart attached as Exhibit B explains how the '383 Patent is infringed by use of Defendant's accused products.

**ANSWER:** Epic admits only that Exhibit B purports to be a claim chart and denies the remaining allegations in Paragraph 26.

27. Defendant's acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts.

**ANSWER:** Epic denies the allegations in Paragraph 27.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

A. Enter a judgment in favor of Plaintiff that Defendant has infringed U.S. Patent 8,856,383;

B. Enter a judgment and order requiring Defendant to pay Plaintiff damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendant's infringement of U.S. Patent 8,856,383 to the extent available pursuant to 35 U.S.C. § 284;

C. Enter a judgment and order holding that Defendant's infringement was willful, and award treble damages and attorney fees and expenses;

D. Enter judgment that this is an exceptional case, and, thus, award attorney fees and expenses to Plaintiff; and

E.   Award such other and further relief as the Court deems just and proper.

**ANSWER:**   Epic denies any and all allegations contained in Plaintiff's Prayer for Relief. Epic denies that Plaintiff is entitled to any relief whatsoever from Epic, including without limitation the relief requested in the Prayer for Relief.

## **JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER**:  Epic also demands a jury trial on issues so triable.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear under applicable law and rules, and specifically reserving its right to assert additional affirmative defenses as additional information or materials become available through discovery or otherwise, Epic hereby asserts the following affirmative defenses. Epic incorporates by reference its responses to the allegations set forth in the Complaint as recited above and those set forth below as if fully set forth herein.

**FIRST AFFIRMATIVE DEFENSE**
**Failure to State a Claim**

1. SynKloud has failed to state a claim upon which relief can be granted.

2. SynKloud has failed to state a claim upon which relief can be granted, including because the '383 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

3. Additionally, and/or alternatively, SynKloud has failed to state a claim upon which relief can be granted because SynKloud has failed to plausibly plead that one single entity performed all claimed steps of the method claims, that one single entity directs or controls others to perform all claimed steps of the method claims, or that there exists a joint enterprise.

4. Additionally, and/or alternatively, SynKloud has failed to state a claim upon which relief can be granted at least to indirect infringement because SynKloud has failed to plausibly plead the requisite elements for indirect patent infringement under 35 U.S.C. § 271, including because SynKloud has not plausibly: identified a direct infringer; plead that Epic had knowledge of the patent; or plead that Epic acted with knowledge that its conduct would cause infringement by the direct infringer.

5. Additionally, and/or alternatively, SynKloud has failed to state a claim upon which relief can be granted at least to contributory infringement because SynKloud has failed to plausibly plead that MyChart lacks substantial noninfringing uses.

**SECOND AFFIRMATIVE DEFENSE**
**Invalidity and Unenforceability**

6. The claims of the '383 Patent are invalid and unenforceable, including because they fail to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**
**Non-Infringement**

7. Epic does not infringe and has not infringed under any theory of infringement (including directly (whether individually or jointly) and indirectly (whether contributorily or by inducement)) any valid and enforceable claim of the '383 Patent, either literally or under the doctrine of equivalents, and it has not committed any acts in violation of 35 U.S.C. § 271.

**FOURTH AFFIRMATIVE DEFENSE**
**No Willfulness**

8. SynKloud has failed to plead facts that allege or support willful conduct on Epic's part. Epic's alleged actions cannot show willfulness, including because Epic did not have notice of the patent and/or alleged infringement prior to the filing of the Complaint and further because Epic does not infringe and has not infringed under any theory of infringement any valid and enforceable claim of the '383 Patent.

**FIFTH AFFIRMATIVE DEFENSE**
**Not Exceptional**

9. SynKloud is not entitled to attorneys' fees, including under 35 U.S.C. § 285.

**SIXTH AFFIRMATIVE DEFENSE**
**Prosecution History Estoppel**

10. The claims of the '383 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Epic, including in light of the doctrine of prosecution

history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during prosecution of the applications leading to issuance of the patent-at-issue.

## SEVENTH AFFIRMATIVE DEFENSE
### Waiver, Acquiescence, Unclean Hands, Estoppel

11. SynKloud's claims are barred, in whole or in part, by equitable doctrines including the doctrines of waiver, acquiescence, unclean hands, and/or equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### Failure to Mark

12. SynKloud's claims for damages are barred in whole or in part to the extent that Plaintiff, any predecessors-in-interest, or any past or present licensees to the '383 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE
### No Notice

13. To the extent SynKloud asserts that Epic indirectly infringes the '383 Patent, either by contributory infringement or inducement of infringement, in addition to the other affirmative defenses herein, Epic is not liable to SynKloud because Epic did not have notice of the alleged infringement.

## ADDITIONAL AFFIRMATIVE DEFENSES

14. Epic reserves the right to assert additional affirmative defenses based on information learned or obtained during discovery.

## EPIC'S COUNTERCLAIMS

Defendant/Counterclaimant Epic Systems Corporation, as its Counterclaims against Plaintiff/Counterclaim Defendant SynKloud Technologies, LLC, alleges as follows based on

11

Epic's knowledge as to its own activities, and upon information and belief as to the activities of others:

## Nature of Action & Relief Sought

1. This is an action to declare each and every claim of United States Patent No. 8,856,383 ("the '383 Patent") invalid. This is also an action to declare each and every claim of the '383 Patent not infringed by Epic.

2. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## The Parties and Presence of an Actual Controversy

3. Epic is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 1979 Milky Way, Verona, Wisconsin 53593.

4. Pursuant to its own allegations, SynKloud is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 305 E. Highland Drive, Suite 500, Austin, TX 78752.

5. On information and belief, informed by the allegations in SynKloud's Complaint, SynKloud is the current assignee and/or owner of the '383 Patent and possesses all right, title, and interest in the '383 Patent.

6. On January 17, 2024, SynKloud filed a complaint in the United States District Court for the Western District of Wisconsin alleging Epic infringed the '383 Patent.

7. By filing its Complaint, SynKloud purported to assert a claim against Epic for alleged patent infringement of the '383 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, enforceability and validity of the asserted claims in the '383 Patent.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, at least to the extent that the Court has subject matter jurisdiction over the Complaint.

9. This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because this case presents a case of actual controversy within this Court's jurisdiction.

10. SynKloud has voluntarily consented to personal jurisdiction of this Court by filing the above-captioned litigation in this district to have the Complaint heard by this Court.

11. Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391 because SynKloud filed the above captioned litigation in this District and because it is subject to personal jurisdiction in this judicial district, has directed its business, licensing, and/or enforcement activities at this judicial district, and a substantial part of the events giving rise to the actual controversy underpinning the claims occurred in this judicial district.

**The '383 Patent**

12. United States Patent Number 8,856,383, entitled "Systems and methods for controlling information and use of communications devices through a central server", was filed on May 19, 2005, names Joseph M. Beninato and Martin Mazner as the inventors, and states an issue date of October 7, 2014.

13. According to the abstract, the '383 Patent is directed to a computer-implemented system and method for enhancing communication between users and caregivers, health care providers, and other users via a central processing center, which is a server used to store, revise, and program information for the user's account. The system further comprises communication

devices, such as telephones, pagers, and personal digital assistants, whereby information programmed into the server by the user can be transmitted to the user's communication devices without requiring the user to input the information into each communication device separately. The abstract further describes that through the system, other parties, such as adult child caregiver to a senior parent, can program information on the senior parent's communication devices.

## FIRST COUNTERCLAIM
### (Invalidity of the '383 Patent)

14. Epic re-alleges and incorporates by reference all of the preceding counterclaim paragraphs as if fully set forth herein.

15. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity of the claims in the '383 Patent.

16. The claims of the '383 Patent are invalid for a failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. Epic is therefore entitled to a declaratory judgment that the claims of the '383 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. A judicial declaration is necessary and appropriate so that Epic may ascertain its rights regarding the validity of the claims of the '383 Patent.

## SECOND COUNTERCLAIM
### (Non-Infringement of the '383 Patent)

19. Epic re-alleges and incorporates by reference all of the preceding counterclaim paragraphs as if fully set forth herein.

20.   As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the claims in the '383 Patent.

21.   Epic has not infringed, directly or indirectly, any valid claim of the '383 Patent. Epic is not liable for any infringement, literally or under the doctrine of equivalents, of the '383 Patent. Specifically, Epic has not practiced the claims of the '383 Patent, or made, used, sold, imported, or distributed any product or process that contributes to infringement of the claimed method.

22.   Epic is therefore entitled to a declaratory judgment finding that Epic and/or its products or services have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claims of the '383 Patent.

23.   A judicial declaration is necessary and appropriate so Epic may ascertain its rights regarding the '383 Patent.

## JURY DEMAND

Epic hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Epic prays for an order entering judgment as follows:

A.   Dismissal of SynKloud's Complaint with prejudice;

B.   A judgment declaring that the claims of the '383 Patent are invalid and unenforceable under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112;

C.   A judgment that Epic, it's customers, and its products and/or services, have not infringed and are not infringing, either directly or indirectly, any claim of the '383 Patent;

  D. A judgment that SynKloud, and each of its officers, directors, agents, counsel, servants, employees, and all of the persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Epic, and/or its products or services, infringe any claims of the '383 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '383 Patent against Epic or any customers, users, or sellers of Epic's software;

  E. A judgment declaring Epic as the prevailing party and this case as exceptional, and awarding Epic its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

  F. Ordering SynKloud to pay all fees, expenses, and costs associated with this action; and

  G. Awarding such other and further relief as this Court deems just and proper.

Dated this 8th day of February, 2024.

                */s/ Kristin Graham Noel*
                Kristin Graham Noel
                Matthew J. Duchemin
                Bryce A. Loken
                QUARLES & BRADY LLP
                33 East Main Street, Suite 900
                Madison, WI 53703
                Tel.: (608) 251-5000
                Fax: (608) 251-9166
                kristin.noel@quarles.com
                matthew.duchemin@quarles.com
                bryce.loken@quarles.com

                *Counsel for Epic Systems Corporation*